UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Corstiaan Aaron Van Zyverden,

        Petitioner,　　　　　　　　　　Case No. 19-cv-948 (ECT/LIB)

v.

**REPORT AND RECOMMENDATION**

R. Marques,

        Respondent.

---

This matter comes before the undersigned United States Magistrate Judge pursuant to a general referral in accordance with the provisions of 28 U.S.C. § 636 and Local Rule 72.1 and upon Petitioner Corstiaan Aaron Van Zyverden's Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. [Docket No. 1].

For reasons discussed herein, the Court recommends that the Petition for Writ of Habeas Corpus, [Docket No. 1], be **DENIED as moot**.

**I.    Background**

At the time Petitioner filed the present Writ of Habeas Corpus, he was incarcerated at the Federal Correctional Institute at Sandstone, Minnesota (hereinafter "FCI Sandstone"). (See, Petition [Docket No. 1]). Van Zyverden is currently serving a 75-month term of imprisonment for Possession with Intent to Distribute Methamphetamine, and his statutory release date was June 5, 2021, including the calculation of his good time credits at the time he filed the present Petition. (Decl. of Shannon Boldt, [Docket No. 7], at ¶ 3).[1]

---

[1] Although Petitioner's statutory release date was June 5, 2021, his projected release date was June 5, 2020, pursuant to early release provisions for successful completion of the BOP's Residential Drug Abuse Program. (See, Id.).

On April 5, 2019, Petitioner initiated the present action in this Court by filing his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. [Docket No. 1].

**II.    Discussion**

In his Petition, Van Zyverden contends that the Bureau of Prisons (hereinafter "BOP") is improperly delaying the recalculation of his good conduct time in violation of the First Step Act of 2018's amendments to § 18 U.S.C. 3264(b) which controls the calculation of good time credits. (See, Petitioner [Docket No. 1]). Petitioner argues that his Petition is supported by legal authority, the rules of statutory construction, and Congressional intent. (See, Id.). As relief, Petitioner seeks an Order of this Court requiring the BOP to immediately recalculate his good time credits to give him the "good time currently being withheld." (Id. at 8).

The First Step Act, Public Law 115-391, was enacted on December 21, 2018, to amend 18 U.S.C. § 3264(b). Before said amendment, 18 U.S.C. § 3264(b), as interpreted by the BOP, provided that 47 days of good conduct time be credited for each year of imprisonment served, not for the term of imprisonment imposed by the Court. See, Barber v. Thomas, 560 U.S. 474, 477–80 (2010) (explaining and finding permissive the BOP's calculation method). Pursuant to that calculation method, as upheld by the Supreme Court of the United States, prisoners received 47 days of good time credit per year of actual imprisonment. See, Id. at 479.

Section 102(b)(1) of the First Step Act amended 18 U.S.C. § 3624(b) to change the manner in which good conduct credits are calculated by increasing the maximum allowable good conduct time from 47 to 54 days per year. Specifically, the Act permits federal inmates to earn 54 days of good conduct time for each year of the sentence imposed by the Court—as opposed to—each year served.

Section 102(b)(2) of the Act provides that the amendments made in subsection 102(b), such as the amendment to the manner in which good conduct credits are calculated, are to "take

effect beginning on the date that the Attorney General completes and releases the risk and needs assessment system" as required by Section 101(a) of the Act. Pursuant to Section 101(a) of the Act, the Attorney General must "develop and release" the "risk and needs assessment system" by no "later than 210 days after the date of enactment of" the Act, or July 18, 2019.

On September 4, 2019, the undersigned issued an Order observing that it appeared the present Petition was moot because the Bureau of Prisons had previously indicated that it would recalculate good time credits for applicable persons after the passing of the July 19, 2019, deadline. Accordingly, the Court ordered Respondent to provide the Court with an update regarding the calculation of Petitioner's good time credits.

On September 18, 2019, Respondent filed a letter, [Docket No. 6], indicating that the BOP had recalculated Petitioner's projected accrual of good conduct credit. Pursuant to that recalculation, Petitioner's new projected statutory release date is April 23, 2021. (Letter [Docket No. 6]; Petitioner's Public Information Inmate Data Sheet, [Docket No. 7-1], at 3). The number of days of good conduct time Petitioner was projected to earn increased from 294 days to 337 days. (Petitioner's Public Information Inmate Data Sheet, [Docket No. 7-1], at 3; Decl. of Shannon Boldt, [Docket No. 7], at ¶¶ 3–5). Respondent noted that although Petitioner's projected, recalculated statutory release date is April 23, 2021, Petitioner's projected release date remains "June 5, 2020, via an early release under 18 U.S.C. § 3621(e) for successful completion of" the BOP's Residential Drug Abuse Program. (Decl. of Shannon Boldt, [Docket No. 7], at ¶ 5). Consequently, Respondent suggests the Court should dismiss the present Petition as moot. (Letter, [Docket No. 6], at 3).

Before the Court considers the underlying merits of the present Petition, the Court must first, in light of the fact that Petitioner's good conduct time has been recalculated, ensure that the

present Petition has not become moot since the time Petitioner filed his Writ of Habeas Corpus, [Docket No. 1], with this Court.

Article III of the United States Constitution allows Federal Courts to adjudicate only actual, ongoing cases or controversies. See, Am. United for Separation of Church and State v. Prison Fellowship Ministries, 509 F.3d 406, 420–21 (8th Cir. 2007); Powell v. McCormack, 395 U.S. 486, 497 (1969); Pitts v. Terrible Herbst, Inc., 653 F.3d 1081, 1086 (2011). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate" and "[w]hen an action no longer satisfies the case or controversy requirement, the action is moot and a federal court must dismiss the action." Potter v. Norwest Mortgage, Inc., 329 F.3d 608, 611 (8th Cir. 2003) (quotations omitted); see, Roberts v. Norris, 415 F.3d 816, 819 (8th Cir. 2005); Arizonans for Official English v. Arizona, 520 U.S. 43, 45 (1997).

The ongoing case-or-controversy requirement is no longer met if an event occurs, during the course of the proceedings, which precludes the Court from granting any meaningful relief to the party who initiated the action. See, In re Sec. Life Ins. Co. of Am., 228 F.3d 865, 869–70 (8th Cir. 2000) (citing In re Grand Jury Subpoenas Duces Tecum, 78 F.3d 1307, 1310 (8th Cir. 1996) ("The existence of a live case or controversy is a constitutional prerequisite to the jurisdiction of federal courts . . . . [I]f during the pendency of an appeal, an event occurs which destroys the court's ability to render the prevailing party any effectual relief whatsoever, the appeal must be dismissed as moot.") (citations and quotations omitted)). If it becomes impossible for the Court to provide any further redress for the claims that have been raised, the case must be dismissed as moot. See, Lewis v. Cont'l Bank Corp., 494 U.S. 472, 477 (1990) ("To invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable decision.").

In the present case, Petitioner seeks an Order of this Court requiring the BOP to recalculate Petitioner's good conduct time in light of the First Step Act.[2] The BOP has now recalculated Petitioner's good conduct time pursuant to the First Step Act. (Letter [Docket No. 6]; Petitioner's Public Information Inmate Data Sheet, [Docket No. 7-1], at 3; Decl. of Shannon Boldt, [Docket No. 7], at ¶¶ 3–5; Federal Bureau of Prisons Inmate Locator, http://www.bop.gov/inmateloc (searching Petitioner's Register Number 05267-081).[3]

Even assuming solely for the sake of argument that this Court found that Petitioner's claims had merit, there is no longer any meaningful relief which this Court could provide. Petitioner sought the recalculation of his good conduct time, and the BOP has now recalculated that good conduct time as Petitioner sought to have done. Therefore, Van Zyverden's Petition is now moot because there is no longer any live case or controversy to be resolved in the present case. Other Court have reached this same conclusion in circumstances materially similar to the present case. See, e.g., Dudgeon v. Rios, 19-cv-1489 (SRN/DTS), Order [Docket No. 17] (D. Minn. Aug. 19, 2019); Pritchard v. Marques, No. 19-cv-1242 (WMW/BRT), 2019 WL 5023208, at *2 (D. Minn. Aug. 19, 2019), report and recommendation adopted, 2019 WL 4957905 (D. Minn. Oct. 8, 2019); Garin v. Rios, No. 19-cv-780 (JRT/BRT), 2019 WL 4935498 (D. Minn.

---

[2] In his memorandum in support of the present Petition, Van Zyverden makes references to an award of forty-four days of additional good conduct time based on his estimations of the recalculation of his good conduct time. As noted above, the recalculation of Petitioner's good conduct time has resulted in an increase of forty-three days of good conduct time Petitioner is projected to earn—from 294 days to 337 days. Although Petitioner's memorandum referenced as award of forty-four days, it is evident from his Petition that as relief in the present action Van Zyverden sought a recalculation of his good conduct time in accordance with the First Step Act. Petitioner does not raise any arguments as to the resulting calculation of that good conduct time. If Petitioner were to seek to raise an argument as to the method the BOP uses to recalculate good time credit after the implementation of the First Step Act, Petitioner would need to do so through some future petition; there is simply no such issue raised here.

[3] See, Kratville v. Warden of Fed. Prison Camp-Duluth, Minnesota, No. 17-cv-5209 (MJD/TNL), 2018 WL 6182593, at *1 (D. Minn. Aug. 31, 2018) (taking judicial notice of Federal Inmate Locator), report and recommendation adopted, 2018 WL 6179512 (D. Minn. Nov. 27, 2018); Beck v. Samuels, No. 15-cv-2635 (WMW/SER), 2016 WL 4004573, at *2 (D. Minn. June 28, 2016) (same), report and recommendation adopted, 2016 WL 4005658 (D. Minn. July 25, 2016); Skrzypek v. Roal, No. 11-cv-933 (ADM/SER), 2011 WL 5833661, at *2 n.3 (D. Minn. Oct. 12, 2011) (same), report and recommendation adopted, 2011 WL 5593146 (D. Minn. Nov. 17, 2011); Ly v. Fisher, No. 10-cv-2946 (MJD/SER), 2011 WL 2373449, at *1 n.3 (D. Minn. May 11, 2011) (same), report and recommendation adopted, 2011 WL 2373151 (D. Minn. June 10, 2011).

Aug. 19, 2019), report and recommendation adopted, 2019 WL 4934092 (D. Minn. Oct. 7, 2019); Malone v. Marques, 2019 WL 4889931 (D. Minn. Aug. 19, 2019), report and recommendation adopted, 2019 WL 4888685 (D. Minn. Oct. 3, 2019); Frazer v. Petrucci, No. 19-cv-865 (JGK), 2019 WL 5887302, at *3 (S.D.N.Y. Nov. 8, 2019); Hirano v. Zhang, No. 19-cv-355, 2019 WL 6057877, at *2 (D. Haw. Oct. 25, 2019), report and recommendation adopted, 2019 WL 6054657 (D. Haw. Nov. 15, 2019); Villar v. FCI Gilmer, Warden, No. 5:19-cv-207, 2019 WL 5792650, at *1 (N.D.W.Va. Oct. 16, 2019), report and recommendation adopted, 2019 WL 5790976 (N.D.W.Va. Nov. 6, 2019).

As the present Petition is now moot, the Court will not consider the merits of Petitioner's claims or render any opinion on those claims as any "[s]uch opinion would be merely advisory and is not permitted under Article III." Walton v. Holinka, No. 7-cv-2121 (MJD/FLN), 2008 WL 495523, at *1 (D. Minn. Feb. 21, 2008); see, Doe v. Nixon, 716 F.3d 1041, 1051 (8th Cir. 2013) ("A federal court has no authority to give opinions upon moot questions or abstract proposition, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.").

### III.  Conclusion

Therefore, based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT** Van Zyverden's Petition for a Writ of Habeas Corpus, [Docket No. 1], be **DENIED as moot**.

Dated: January 8, 2020                                         s/Leo I. Brisbois
                                                               Hon. Leo I. Brisbois
                                                               U.S. MAGISTRATE JUDGE

# N O T I C E

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "[a] party may file and serve specific written objections to a magistrate judge's proposed findings and recommendation within 14 days after being served with a copy of the recommended disposition." A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).